1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4 * * *

5 GEORGE ENOCH DAVIDSON, )
                                              )
6              Plaintiff, )
                                              )
7 v.                                          )      2:12-cv-00208-KJD -VCF
                                              )
8 QUALITY A/C SERVICES, INC, )                       **O R D E R**
                                              )
9              Defendant. )
                                              )
10 ——————————————————————— )

11        Before the court are plaintiff George Enoch Davidson's Motion/Application to Proceed *In*

12 *Forma Pauperis* (#1) and Complaint (#1-1).

13        Plaintiff Davidson contends in his application that he makes $396.00 per week, and has $500

14 in his bank account.  (#1).  Plaintiff's monthly expenses include: a $900 mortgage payment, $300 for

15 electricity, trash, water, and cable, $350 in auto insurance, and $1,325 for "installment payments [on]

16 student loans and credit cards."  *Id.*  Plaintiff also has a $13,000 installment loan with Chase Bank, a

17 $20,165 student loan with Sallie Mae, a USSA Credit Card with a balance due of $21,000, a mortgage

18 through USSA for $130,000, a Discover Card with a balance due of $10,000, and an American Express

19 with a balance due of $3,000.  *Id.*  Thus, the court finds that the plaintiff is unable to prepay the filing

20 fee.

21        Accordingly, and for good cause shown,

22        IT IS ORDERED that plaintiff Davidson's Application to Proceed *In Forma Pauperis* (#1) is

23 GRANTED.

24        IT IS FURTHER ORDERED that the plaintiff is permitted to maintain the action to conclusion

25 without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in*

26 *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint (#1-1), issue summons to the defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms.  Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel.  The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 24th day of February, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

2